IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.  No. 04-20179-B

FARIZ MOHAMADA DARSHELABL,

      Defendant.
_____

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE**
_____

      Before the court is the motion of the defendant, Fariz Mohamada Darshelabl, pursuant to 18 U.S.C. § 3583(e)(1), for an early termination of his two year period of supervised release previously entered by the court in its judgment of January 27, 2005. Darshelabl plead guilty to Count 2 of the indictment charging him with fraud by wire (18 U.S.C. § 1343).

      In the judgment, the undersigned sentenced the defendant to time served (approximately six months), as well as a period of two years of supervised release along with other conditions. According to the motion, the defendant has completed approximately one year of his two years of supervised release and seeks to have the remaining period terminated. He insists that he is employed and has complied with all of the conditions previously set by the court. Defendant also states that he was taken into custody by immigration authorities stemming from the charges he pled to before this court and served an additional 7 months in custody before being released which adversely affected him. However, Darshelabl does not specify in what way he was impacted by this action.

      In response, the government opposes the early termination, stating that there is nothing extraordinary about the defendant's request and simply notes that Darshelabl asserts that he has acted in the manner consistent with the terms of the supervised release. Furthermore, the government claims that the underlying offense by the defendant involved numerous repeated

criminal acts with a very high level of sophistication and was ongoing and long term. The government believes that the defendant needs supervision for the maximum time as set forth in the plea agreement.

A district court has the discretionary authority to terminate a period of supervised release after one year if "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); see also United States v. Hardesty, No 95-20031, 2002 WL 731705 at *1 (D. Kan. April 2, 2002). Other factors to consider are set forth at 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6). The mere fact that a defendant has complied with the conditions of his supervised release and that he has avoided additional criminal activity are not sufficient in themselves to warrant early termination. See Paterno, at *2, Hardesty, supra and United States v. Herrera, No. 94CR1021, 1998 WL 684471 (S.D.N.Y. Sept. 30, 1998). The Sixth Circuit has observed that such early termination is limited to those situation where the defendant has shown "changed circumstance - such as exceptionally good behavior." United States v. Atkin, No. 01-3811, 38 Fed.Appx. 196, 198 (6th Cir. Mar. 8, 2002). In this instance, all that Darshelabl has presented is that he has been in full compliance with all of his conditions, which is "merely what is expected of all people serving terms of supervised release." Karacsonyi v. United States, No. 97-1220, 1998 WL 401273 at *1 (2nd Cir. June 10, 1998).

Upon consideration of the motion and the circumstances surrounding the imposition of the sentence, which the Court does not consider to have been onerous, the defendant's motion for early termination of his supervised release is denied at this time. As noted, other than the fact that Darshelabl has complied with the conditions of his release, there is nothing new or exceptional presented by the defendant that would provide the Court a basis to terminate supervised release after only one year of its imposition.

**IT IS SO ORDERED** this 14th day of April, 2006.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE